IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY COLEMAN, #2287214, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:21-CV-590-K-BK |
| DALLAS POLICE DEPARTMENT, DEFENDANT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case filed by the *pro se* Plaintiff was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Ashley Coleman's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I.     BACKGROUND**

On March 15, 2021, Coleman, a state prisoner, filed a complaint against the Dallas Police Department on the prisoner civil rights complaint form. Doc. 3 at 1. The Court thus liberally construes the complaint as being filed under 42 U.S.C. § 1983. Coleman complains of "negligence, breech [sic] of duty of care, and failure of justice." Doc. 3 at 4. She asserts that on March 3, 2017, two unidentified Dallas Police officers "ignored a dangerous threat of violence" and failed to intervene when they drove past Drekieston Alex and his assailant, Hakeem, who held a gun in plain sight. *Id.*

Coleman alleges that to defuse the situation, she exited from her vehicle but was later held accountable for Alex's murder. Doc. 3 at 4. She posits that, if the officers had intervened, (1) Alex would still be alive, (2) Hakeem would have been arrested and charged, and (3) she "would not have been charged and plead [sic] out to murder." *Id.* Coleman seeks damages on behalf of the victim's family and herself and to have the investigation reopened. *Id.*

Having now reviewed all the pleadings, the Court concludes that Coleman's complaint, without regard to merit or lack thereof, is time barred. Therefore, it should be dismissed for failure to state a claim.

## II.     ANALYSIS

Because Coleman is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Coleman's complaint fails to state a claim upon which relief can be granted.

### A. Claims on Behalf of Other Pro Se Litigants are not Permitted

Coleman is not a licensed attorney and, therefore, is neither qualified nor permitted to represent Alex's family before this Court. "'28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998)) (citations omitted); *see also* FED. R. CIV. P. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented). Accordingly, Coleman's claims on behalf of Alex's family should be dismissed without prejudice to Alex's family or his estate filing their own case, if appropriate.

### B. Claims are Time Barred

Coleman's state law tort and civil rights claims are barred by the statute of limitations. Coleman maintains the events at issue occurred on March 3, 2017. Doc. 3 at 4. Thus, the deadline to file suit for tort and/or civil rights violations was two years later on Monday, March 4, 2019. FED. R. CIV. P. 6(a)); *see also Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (concluding § 1983 actions in Texas are governed by the two-year personal injury limitations period and courts can raise the affirmative defense of the statute of limitations *sua sponte* in *in forma pauperis* actions); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (same limitations period for negligence); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005) (providing two-year limitations period for personal injury claims). However, March 8, 2021, is the earliest possible date on which Coleman's original complaint can be deemed filed[1]—more than two years outside the applicable limitations' period.

---

[1] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*,

Coleman cannot demonstrate that she is entitled to equitable tolling of the statute of limitations period due to a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 1987) ("[A] person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). And her imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, Coleman's complaint fails to state a claim to relief that is plausible on its face. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (concluding that when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Coleman's claims are fatally infirm and granting leave to amend would be futile and only cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

487 U.S. 266 (1988)). Coleman dated the original complaint on March 8, 2021 and mailed it with a motion to proceed *in forma pauperis* dated on the same day. Doc. 3 at 5; Doc. 4 at 2.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

**SO RECOMMENDED** on May 10, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."